1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JOHN STORM, an individual; SUZANNE          CASE NO. 09cv1206-IEG (JMA)
     STORM, an individual,
12                                               **ORDER GRANTING IN PART**
                                    Plaintiff,   **AND DENYING IN PART**
13        vs.                                    **DEFENDANT'S MOTION TO**
                                                 **DISMISS PLAINTIFFS' FIRST**
14                                               **AMENDED COMPLAINT**
     AMERICA'S SERVICING COMPANY and
15   DOES 1-10,                                  Doc. No. 13

16                                  Defendant.

17

18        Presently before the Court is Defendant America's Servicing Company's ("Defendant")

19   motion to dismiss Plaintiffs' first amended complaint (Doc. No. 13) and Defendant's request for

20   judicial notice of several documents in support of its motion (Doc. No. 5-4).  Plaintiffs filed an

21   opposition, and Defendant filed a reply.  The Court finds Defendant's motion suitable for disposition

22   without oral argument pursuant to Local Civil Rule 7.1(d)(1).  For the reasons stated herein, the Court

23   **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss.

24                              **FACTUAL BACKGROUND**

25        The following facts are drawn from Plaintiffs' first amended complaint ("FAC") unless

26   otherwise noted.  This matter concerns a loan obtained by Plaintiffs Suzanne Storm and John

27

28

                                           - 1 -                         09cv1206-IEG (JMA)

Storm ("Plaintiffs"), which was secured by a deed of trust against their property. Defendant is the servicer for the loan. On September 30, 2003, Plaintiff Suzanne Storm inherited a parcel of land in Boulevard, California (the "Property") of approximately 113 acres. She later transferred her interest in the Property to both herself and John Storm. One five-acre portion of the Property, commonly known as 39323 Lillie Lane, was improved with a home (the "Home Parcel"), and the rest remained undeveloped (the "Unimproved Parcels"). According to Plaintiffs, until recently, both parties believed the Property was divided into several separate legal parcels because the land had multiple different assessor's parcel numbers.

On July 14, 2006, Plaintiffs obtained a loan from Accredited Home Lenders, Inc. in the amount of $520,000, secured by a first deed of trust ("Deed of Trust") against the Property.[1] The loan was subsequently transferred to U.S. Bank National Association, and Defendant became the servicer for the loan. According to Plaintiffs, when they acquired the loan, they were informed that the loan was only being secured against the Home Parcel and not the Unimproved Parcels. However, in 2007, when Plaintiffs decided to sell a portion of the Unimproved Parcels, they discovered the Deed of Trust had a legal description which appeared to encumber both the Home Parcel and Unimproved Parcels.

Upon discovering the mistake, Defendant agreed that only the Home Parcel should have been encumbered. Subsequently, on March 6, 2007, Defendant recorded a Substitution of Trustee and Partial Reconveyance to release the lien on the Unimproved Parcels. (FAC, Exhibit A.) On October 18, 2007, Defendant recorded an updated Substitution of Trustee and Partial Reconveyance (the "Partial Reconveyance") with a more specific legal description of the property.[2] (FAC, Exhibit B.)

---

[1] Plaintiffs have obtained two additional loans in the amount of $130,000 each, secured by second and third deeds of trust on their property.

[2] A letter from Defendant to Plaintiffs' attorney, which was attached to the document, states: "Please find enclosed the updated Substitution of Trustee and Partial Reconveyance for the above-referenced loan for recording to release the lots which were encumbered in error." The reconveyance states:

1    In November 2007, Plaintiffs defaulted on their loan payments, and Defendant

2  subsequently began non-judicial foreclosure proceedings.  On May 9, 2008, Plaintiffs filed for

3  Chapter 13 Bankruptcy protection.  During the bankruptcy proceedings, the parties stipulated to

4  Plaintiffs making an agreed-upon monthly payment on the loan.  (Def. Request for Judicial Notice

5  to Pl.'s Original Compl., Exhibit B.)  However, Plaintiffs defaulted on the payments, and on

6  March 16, 2009, the Bankruptcy Court lifted the automatic stay in this case.  (Id., Exhibit C.)  On

7  March 23, 2009, Plaintiffs voluntarily dismissed their bankruptcy case.  (Id., Exhibit D.)

8    On January 14, 2009, Plaintiffs and Defendant learned that the Home Parcel and

9  Unimproved Parcels were in fact, one legal parcel.  (FAC, Exhibit C.)

10    This lawsuit followed. On April 2, 2009, Plaintiffs filed their original complaint in

11  California Superior Court for the County of San Diego seeking declaratory and injunctive relief,

12  alleging that the Deed of Trust was invalid and Defendant was attempting to foreclose on the

13  Home Parcel separately despite knowing that it was not a separate legal parcel.  Nevertheless, on

14  April 8, 2009, the property was sold at a trustee's sale for $299,000.  (FAC, Exhibit C.)  According

15  to Plaintiffs, they only became aware after filing the original complaint that Defendant had not

16  foreclosed on the Home Parcel alone, but on the entire property, including the Unimproved

17  Parcels. Id.

18                              **PROCEDURAL HISTORY**

19

20  _____

21  Mortgage Electronic Registration Systems, Inc., owner and holder of the note secured by deed of trust
   dated July 6, 2006, made by Suzanne Howard-Storm and John Storm, as trustor, to LandAmerica
22  Southland Title, as trustee for the benefit of Mortgage Electronic Register Systems, as beneficiary,
   which deed of trust was recorded on July 14, 2006, in the office of the Country Recorder of San Diego,
23  California, as Instrument No. 2006-0495723, hereby substitutes itself as trustee in lieu of the above-
   named trustee under said deed of trust and as successor trustee, and in accordance with the provisions
24  of said deed of trust, does hereby reconvey to the person or persons legally entitled thereto, without
   warranty, all the estate, title, and interest acquired by Trustee under said deed of trust in and to that
25  portion of the property described as follows: See attached Exhibit "A" ("The Southwest Quarter of the
   Northwest Quarter of Section 29, in Township 17 South, Range 7 East, San Bernadino Meridian, in the
26  County of San Diego, State of California, according to Official Plat thereof.  Assessor's Parcel No.:
   612-081-01.

27

28

1    On June 3, 2009, Defendant removed the case to this court on the basis of diversity

2    jurisdiction. (Doc. No. 1.)  On June 10, 2009, Defendant filed a motion to dismiss the original

3    complaint (Doc. No. 5), which the Court denied as moot in light of its order granting Plaintiffs'

4    motion to amend the complaint.  (Doc. No. 11.)  On July 27, 2009, Plaintiffs filed the FAC (Doc.

5    No. 12) which sets forth three causes of action: (1) declaratory relief and injunctive relief, (2) quiet

6    title, and (3) slander of title.

7    On August 21, 2009, Defendant filed this motion to dismiss the FAC for failure to state a

8    claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).  (Doc.

9    No. 13.)  Defendant seeks dismissal of all three causes of action and requests judicial notice of

10   several documents in support of its motion.

11                                                **DISCUSSION**

12   I.    <u>Legal Standard</u>

13   A complaint must contain "a short and plain statement of the claim showing that the

14   pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2009).  A motion to dismiss pursuant to Rule

15   12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in

16   the complaint. Fed. R. Civ. P. 12(b)(6); <u>Navarro v. Block</u>, 250 F.3d 729, 731 (9th Cir. 2001).  The

17   court must accept all factual allegations pled in the complaint as true, and must construe them and

18   draw all reasonable inferences from them in favor of the nonmoving party. <u>Cahill v. Liberty</u>

19   <u>Mutual Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir.1996).  To avoid a Rule 12(b)(6) dismissal, a

20   complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state

21   a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570

22   (2007).  However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

23   requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

24   action will not do." <u>Id.</u> at 555 (citation omitted).  "Factual allegations must be enough to raise a

25   right to relief above the speculative level, on the assumption that all the allegations in the

26   complaint are true (even if doubtful in fact)." <u>Id.</u> (citation omitted).   In spite of the deference the

27

28

court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526, (1983).  Also, the court need not accept "legal conclusions" as true.  <u>Ashcroft v. Iqbal</u>, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009).  <u>Id.</u> at 1950.

However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  <u>Id.</u>  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u> at 1949 (citing <u>Twombly</u>, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u>  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 557).

II.    <u>Request for Judicial Notice</u>

On June 10, 2009, Defendant filed a request for judicial notice asking the Court to judicially notice the following documents, which are either filed in the U.S. Bankruptcy Court for the Southern District of California or recorded in the San Diego County Recorder's Office: (1) Plaintiffs' Chapter 13 Voluntary Petition, filed on May 9, 2008 in the U.S. Bankruptcy Court; (2) the parties' Stipulation Granting Adequate Protection, filed on November 24, 2008 in the U.S. Bankruptcy Court; (3) the U.S. Bankruptcy Court's Order Granting Motion for Relief from Stay, filed on March 16, 2009; (4) the U.S. Bankruptcy Court's Order Granting Request by Debtor for Dismissal of Chapter 13 Bankruptcy Case, filed on March 23, 2009; (5) the Notice of Trustee's Deed Upon Sale, filed with the San Diego County Recorder's Office on April 23, 2009; and (6) the Deed of Trust, filed with the San Diego County Recorder's Office on July 14, 2006.

1    In ruling on a motion to dismiss for failure to state a claim, "a court may generally consider

2    only allegations contained in the pleadings, exhibits attached to the complaint, and matters

3    properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).

4    Accordingly, a court may consider matters of public record on a motion to dismiss, and in doing so

5    "does not convert a Rule 12(b)(6) motion to one for summary judgment." Mack v. South Bay

6    Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by* Astoria Federal

7    Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 111 (1991).

8    Here, the documents Defendant has submitted are public records subject to judicial notice

9    under Federal Rule of Evidence 201.  The Court therefore GRANTS Defendant's request for

10   judicial notice of the above documents.

11

12   III.    Analysis

13        A.    First Cause of Action: Declaratory Relief

14            1.    Legal Standard

15    Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate

16   pleading, may declare the rights and other legal relations of any interested party seeking such

17   declaration, whether or not further relief is or could be sought."  A party seeking declaratory relief

18   must establish that there is a present and actual controversy between the parties.  City of Cotati v.

19   Cashman, 29 Cal. 4th 69, 80 (2002).  Declaratory relief is only appropriate "(1) when the judgment

20   will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it

21   will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the

22   proceeding." Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986).

23    Declaratory relief is ultimately a request for relief, rather than a cause of action, and in

24   order to weigh it the Court must look to the underlying claims.  See, e.g., Weiner v. Klais & Co.,

25   108 F.3d 86, 92 (6th Cir. 1997).

26            2.    Analysis

27

28

The Court finds this is an appropriate case for declaratory judgment.[3]  Plaintiffs allege that an actual controversy has arisen and now exists between Plaintiffs and Defendant.  Plaintiffs request a judicial determination of their rights and duties with respect to the Deed of Trust and request a declaration that the Deed of Trust is void, or alternatively, that Defendant has no interest in the Unimproved Parcels because of the Partial Reconveyance.

Plaintiffs raise two arguments.  First, Plaintiffs argue that the Deed of Trust is void due to a mutual mistake in the drafting of the legal description of the property, which led to the encumbering of the entire property although the parties intended only to encumber the Home Parcel.  Therefore, Plaintiffs claim that they have an interest in the entire property which was foreclosed upon.  Second, Plaintiffs argue that even if the Deed of Trust was valid, it only encumbered the Home Parcel, because the Partial Reconveyance rendered the First Deed of Trust inoperable.  In that case, Plaintiffs contend they still have an interest in the Unimproved Parcels which were foreclosed upon.

### a.   Deed of Trust

Plaintiffs request a declaration that the Deed of Trust upon which the foreclosure was based is void as being "illegal, uncertain or formed as a result of mistake."[4]  Defendant argues that Plaintiffs' contentions as to mutual mistake are contradicted by the express terms of the Deed of Trust; but even assuming there was a mutual mistake, the appropriate remedy is rescission. Defendant contends that in order to obtain rescission Plaintiffs must return the parties to the "status quo ante" by tendering the unpaid debt and costs in the amount of $607,314.90.

A mistake of fact is a mistake, not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in (1) an unconscious ignorance or forgetfulness of a fact past or present, material to the contract or (2) a belief in the present existence of a thing material to the contract, which does not exist, or in the past existence of such a thing, which has

---

[3]Defendant does not dispute the jurisdictional aspects of Plaintiffs' claim for declaratory relief.

[4]Plaintiffs do not challenge any procedural aspect of the foreclosure sale.

1  not existed.  Cal. Civ. Code § 1577.  "Consent is deemed to have been obtained through mistake

2  'only when it would not have been given had such cause not existed.'"  Id. § 1568; see also

3  Hannah v. Steinman, 159 Cal. 142 (1911).

4           Here, Plaintiffs have alleged sufficient facts to support their claim that the parties made a

5  mistake as to a fact material to the contract - the legal description of the property to be encumbered

6  - and that Plaintiffs would not have consented to the agreement had the mistake not existed; i.e.,

7  Plaintiffs would not have agreed to encumber the entire property.  Plaintiffs allege that when they

8  acquired the loan, they were informed that the loan was only being secured against the Home

9  Parcel and not the Unimproved Parcels (FAC ¶ 9), and that after discovery of the mistake,

10 Defendant agreed that its lien was only intended to do encumber the Home Parcel (id. ¶ 15).

11 Plaintiffs attach to the FAC the Partial Reconveyance, which was intended to release the lien on

12 the Unimproved Parcels.  (FAC, Exhibits A and B.)

13          However, the usual remedy for mutual mistake is rescission and restitution.  See

14 Restatement (Second) of Contracts Ch. 6, § 158, cmt. b ("Avoidance of a contract ideally involves

15 a reversal of any steps that the parties may have taken by way of performance, so that each party

16 returns such benefit as he may have received.").  In some situations, a purported contract may be

17 held to be void and may be disregarded without taking the procedural steps of rescission.  See

18 Meyer v. Haas, 58 P. 1042 (Cal. 1899) (fraud in the inception); Orton v. Privett, 262 P. 713 (Cal.

19 1927) (total failure of consideration); Backus v. Sessions, 110 P.2d 51 (Cal. 1941) (lack of mental

20 capacity); Smith v. Bach, 191 P. 14 (Cal. 1920) (illegality); Charles Brown & Sons v. White

21 Lunch Co., 268 P. 490 (Cal. 1928) (uncertainty or lack of mutuality of obligation).  This is not

22 such a case.  Plaintiffs request the court find the Deed of Trust is void as being illegal or uncertain,

23 but provide no factual allegations to support either ground.

24          Neither is this a case where mutual mistake prevented formation of the contract in the first

25 instance; for example, where both parties had a different understanding as to the identity of the

26 subject matter (see Balistreri v. Nev. Livestock Prod. Credit Ass'n, 262 Cal. Rptr. 862 (Ct. App.

27

28

1989) (holding no contract was formed where plaintiffs sought cancellation of a deed of trust securing a loan to their son, and the trust deed, by error of a trustee's loan agent, encumbered their own residence instead of the property co-owned with their son)), or the subject matter, or something essential to performance ceased to exist before the agreement was reached. According to the FAC, a contract was formed when the parties agreed to encumber the Home Parcel, and the mistake was merely in the drafting of the agreement.

Thus, at the most the First Deed of Trust may be voidable and subject to rescission due to mutual mistake. To the extent that Plaintiffs seek a declaration declaring the Deed of Trust void, the Court finds Plaintiffs have failed to state a claim.[5]

b.   Partial Reconveyance

Having found that the Deed of Trust is not void, the issue before the Court is whether Plaintiffs have alleged sufficient facts to support a finding that they retain an interest in the Unimproved Parcels based on the Partial Reconveyance. Defendant raises several arguments. First, Defendant argues that the Partial Reconveyance itself is void or subject to rescission due to mutual mistake of fact or law, and therefore, the Deed of Trust controls. Second, Defendant claims that no consideration was given for the Partial Reconveyance. Finally, Defendant contends that the claim fails for failure to allege tender of the underlying debt. The Court addresses these arguments in turn.

The Court finds that the Partial Reconveyance may violate the Subdivision Map Act (the "Act"). Cal. Gov't Code §§ 66410 *et seq*. The Act provides that property cannot legally be

---

[5] Because Plaintiffs' FAC does not request rescission as a remedy, the Court need not address Defendant's argument that Plaintiff cannot rescind because of failure to tender the unpaid debt. The Court notes however that it has the discretion to condition rescission upon tender of the unpaid debt. See Cal. Civ. Code § 1692 ("If in an action or proceeding a party seeks relief based upon rescission, the court may require the party to whom such relief is granted to make any compensation to the other which justice may require and may otherwise in its judgment adjust the equities between the parties."); § 1693 ("[T]he court may make a tender of restoration a condition of its judgment.").

divided for sale, lease or financing without local approval and recording of a map.[6]  Id. § 66424.
Subject to certain exceptions not relevant here, the Act requires tentative and final maps for all
subdivisions creating five or more parcels, and parcel maps for subdivisions consisting of four or
fewer parcels.[7]  Id. §§ 66426, 66428(a); see also Gomes v. County of Mendocino, 44 Cal. Rptr. 2d
93, 98 (Ct. App. 1995).  Plaintiffs' own allegations suggest that the Partial Reconveyance was a
division of property for financing which required either a parcel map or final map.  Plaintiffs
attach to the FAC a letter from the County of San Diego, Department of Planning and Land Use,
which contains a determination by the county that the Property is one legal lot.  (FAC, Exhibit C.)
The FAC does not state that a parcel map or final map was recorded, or that any exemption was
applicable.  In fact, Plaintiffs themselves argue that had Defendant foreclosed only on the Home
Parcel, Defendant would have subdivided the property illegally in violation of the Act.  (FAC ¶
29.)  Plaintiffs contend that after the parties discovered the Property was one legal lot, both parties
were unclear about the legality of the subdivision (id. ¶ 20), and to get around this, Defendant
foreclosed on the entire property (id. ¶ 29).

　　　　Defendant claims violation of the Act renders the Partial Reconveyance void or
unenforceable; therefore the Deed of Trust controls.  This is incorrect.  Under California law, a
transfer without a required parcel map is "*voidable* at the sole option of the grantee" (in this case,
Plaintiffs).[8]  Cal. Gov't Code § 66499.32 (emphasis added); see also Falk v. Mt. Whitney Sav. &

---

[6]The Act defines "subdivision" as "the division, by any subdivider, of any unit or units of improved or unimproved land, or any portion thereof, shown on the latest equalized county assessment roll as a unit or as contiguous units, for the purpose of sale, lease *or financing*, whether immediate or future . . . ."  Cal. Gov. Code § 66424 (emphasis added).

[7]The Act states: "[a] tentative and final map shall be required for all subdivisions creating five or more parcels . . . ."  Cal. Gov. Code § 66426.  The Act further states: "A parcel map shall be required for subdivisions as to which a final or parcel map is not otherwise required by this chapter, unless the preparation of the parcel map is waived by local ordinance as provided in this section."  Id. § 66428(a).

[8] Section 66499.32 of the Act states in full:

(a) Any deed of conveyance, sale or contract to sell real property which has been divided, or which has resulted from a division, in violation of the provisions of this division, or of the provisions of local ordinances enacted pursuant to this division, *is voidable at the sole option of the grantee,* buyer or person contracting to purchase, his heirs, personal

1  Loan Ass'n, 5 F.3d 347 (9th Cir. 1993). There are no facts to suggest that Plaintiffs attempted to

2  void the transaction.

3       The case of Falk v. Mt. Whitney Savings & Loan Association is factually similar to this

4  case. In Falk, plaintiff Ms. Falk sold her property to the Ashjians, but because of an alleged error

5  by the title company, the deed of trust described all 10 acres, including a 1.65-acre parcel she

6  intended to keep for herself. Id. at 349. The Ashjians and Mt. Whitney, the holder of the deed of

7  trust, agreed a mistake had been made and drafted a partial reconveyance document to reconvey

8  back the 1.65-acre parcel which it sent to the title company, but never recorded. Id. The 10 acres

9  were later foreclosed on and plaintiff sued to reform the deed or defeat the foreclosure sale buyer's

10  claim to the 1.65-acre parcel. The district court held the partial reconveyance "never became

11  effective" because the transfer of the 1.65-acre parcel without a parcel map would violate the

12  Subdivision Map Act. Id. at 351. In reversing the summary judgment, the Ninth Circuit held that,

13  under California law, a transfer without a parcel map is *voidable* at the sole option of the grantee

14  (Ms. Falk); it was not void. Id. Thus, plaintiff was entitled to be heard on her claim that the

15  original 10 acre conveyance was a mistake, that Mt. Whitney knew it, and that the foreclosure sale

16

17  representative, or trustee in insolvency or bankruptcy within one year after the date of discovery of the violation of the
18  provisions of this division or of local ordinances enacted pursuant to the provisions of this division, but the deed of
conveyance, sale or contract to sell is binding upon any successor in interest of the grantee, buyer or person contracting
19  to purchase, other than those above enumerated, and upon the grantor, vendor, or person contracting to sell, or his assignee,
heir or devisee.

20  (b) Any grantee, or his successor in interest, of real property which has been divided, or which has resulted from a division,
21  in violation of the provisions of this division or of local ordinances enacted pursuant thereto, may, within one year of the
date of discovery of such violation, bring an action in the superior court to recover any damages he has suffered by reason
22  of such division of property. The action may be brought against the person who divided the property in violation of the
provisions of this division or of local ordinances enacted pursuant thereto and against any successors in interest who have
23  actual or constructive knowledge of such division of property.

24  The provisions of this section shall not apply to the conveyance of any parcel of real property identified in a certificate of
compliance filed pursuant to Section 66499.35 or identified in a recorded final map or parcel map, from and after the date
25  of recording.

26  The provisions of this section shall not limit or affect in any way the rights of a grantee or his successor in interest under
any other provision of law.

27  Cal. Gov. Code § 66426 (emphasis added).

28

1   buyer never acquired an interest in the 1.65-acre parcel.  Id.  Likewise, in this case, the Partial

2   Reconveyance is voidable by Plaintiffs.  Thus, Plaintiffs have stated a claim that they have an

3   interest in the Unimproved Parcels that were foreclosed upon.

4        The Court further finds there was sufficient consideration for the Partial Reconveyance.

5   Construing the complaint in the light most favorable to Plaintiffs, Plaintiffs have alleged facts to

6   support an inference that in consideration for the Partial Reconveyance, Plaintiffs did not pursue

7   rescission of the Deed of Trust at an earlier time, believing that Defendant had remedied the

8   mistake.

9        Finally, Defendant argues that, in any event, Plaintiffs fail to state a claim for relief

10  because without tender of the underlying debt, the foreclosure sale cannot be set aside.   This is the

11  contention underlying Defendant's entire motion to dismiss.  The Court finds that it need not make

12  a determination on this issue, except to note that failure to allege tender is not decisive at this

13  stage.  Whether Plaintiffs are required to tender is a matter of discretion left up to the Court.[9]  At

14  this procedural juncture, the Court only decides whether Plaintiffs have pleaded "enough facts to

15  state a claim to relief that is plausible on its face."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544,

16  570 (2007).  When there are well-pleaded factual allegations, the Court must "assume their

17  veracity and then determine whether they plausibly give rise to an entitlement to relief." See

18  Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009).

19

20

21       [9]  The cases that Defendant cites in its motion to dismiss generally stand for the proposition that tender of the

22  indebtedness is required in an action to set aside a trustee's sale for *irregularities in sale notice or procedure*.  See e.g.,
    Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (Ct. App. 1984) (defect in notice of sale); Karlsen v. Am. Sav.

23  & Loan Ass'n, 92 Cal. Rptr. 851 (Ct. App. 1971) (trustee sold to a corporation in which trustee was financially interested);
    Manown v. Cal-Western Reconveyance Corp., 2009 WL 2406335 (S.D. Cal. Aug. 4, 2009) (defect in notice of sale);

24  Alvara v. Aurora Loan Servs., Inc., 2009 WL 1689640 (N.D. Cal. June 16, 2009) (defect in notice of sale).  The Court is
    unaware of any case holding there is a bright-line rule requiring tender of the unpaid debt to set aside a sale in other

25  circumstances, such as where a trustee allegedly sells property that is not encumbered.   See Humboldt Sav. Bank v.
    McCleverty 119 P. 82 (Cal. 1911) ("[T]here are not a few cases holding that where a party has the right to avoid a sale,

26  he is not bound to tender any payment in redemption . . . .Whatever may be the correct rule, viewing the question generally,
    it is certainly not the law that an offer to pay the debt must be made, where it would be inequitable to exact such offer of

27  the party complaining of the sale.") (internal citations omitted).

28

1    To the extent that Plaintiffs seek a declaration that they retain an interest in the

2    Unimproved Parcels based on the Partial Reconveyance, the Court finds that Plaintiffs have stated

3    a claim.  Accordingly, the Court DENIES Defendant's motion to dismiss the claim for declaratory

4    relief.

5          B.      First Cause of Action: Injunctive Relief

6    Plaintiffs seek a permanent injunction enjoining Defendant from: (1) continuing with any

7    foreclosure proceedings and (2) interfering with Plaintiff's lawful ownership, use and possession

8    of the property.  Because the request for injunctive relief is a remedy rather than a cause of action,

9    the Court declines to make a determination at this point in the proceedings.  It is more appropriate

10   to determine the need for an injunction after Plaintiffs have shown they are entitled to relief.

11   Accordingly, the Court DENIES Defendant's motion to dismiss as to the request for injunctive

12   relief.[10]

13         C.      Second Cause of Action: Quiet Title

14             1.      Legal Standard

15   The purpose of a quiet title action is to determine "all conflicting claims to the property in

16   controversy and to decree to each such interest or estate therein as he may be entitled to."

17   Newman v. Cornelius, 83 Cal. Rptr. 435, 437 (Ct. App. 1970).  California Code of Civil Procedure

18   § 761.020 provides that a complaint for quiet title "shall be verified" and shall include the

19   following:

20   (a) A description of the property that is the subject of the action. . . .  In the case
21   of real property, the description shall include both its legal description and its
     street address or common designation, if any.

22   (b) The title of the plaintiff as to which a determination under this chapter is
     sought and the basis of the title. . . .
23

24   (c) The adverse claims to the title of the plaintiff against which a determination is
     sought.

25

26   _____

27      [10]As to Plaintiffs' request for a temporary restraining order or preliminary injunction, the Court may appropriately
     consider an application for these forms of relief upon a motion for such relief.

28

1   (d) The date as of which the determination is sought. If the determination is sought as of a date other than the date the complaint is filed, the complaint shall

2   include a statement of the reasons why a determination as of that date is sought.

3   (e) A prayer for the determination of the title of the plaintiff against the adverse claims.

4                           2.      Analysis

5          Plaintiffs have alleged sufficient facts to state a claim for quiet title.  First, the FAC

6   includes the legal description of the property and its street address or common designation.  (FAC

7   ¶ 3; Exhibit D.)   Second, as the Court concluded earlier, Plaintiffs have alleged sufficient facts to

8   support a claim that they have an interest in the property based on the Partial Reconveyance.  (Id. ¶

9   37.)   Third, Plaintiffs have alleged Defendant's adverse claims, specifically that Defendant has

10  foreclosed on the property and assert the foreclosure was lawful. (Id. ¶ 37-38.)  Fourth, Plaintiffs

11  identify a date as of which the determination is sought.  Plaintiffs allege that they executed the

12  Deed of Trust on July 14, 2006 (id. ¶ 11) and the Partial Reconveyance on October 18, 2007 (id.).

13  Finally, the FAC states a prayer for the determination of the title.  (Id. at 8:10-11.)

14         Defendant raises two arguments.  First, Defendant argues that plaintiff's claim must be

15  verified as required by California Code of Civil Procedure § 761.020.  However, Plaintiffs filed

16  the FAC after Defendant removed the case to federal court, and in federal court "[u]nless a rule of

17  statute specifically states otherwise, a pleading need not be verified or accompanied by an

18  affidavit."  Fed. R. Civ. P. 11(a); see also Farzana K. v. Indiana Dep't of Educ., 473 F.3d 703 (7th

19  Cir. 2007).

20         Second, Defendant contends Plaintiffs' quiet title claim fails because they have not alleged

21  the ability to tender the amount of the indebtedness.  As discussed above, lack of tender is not fatal

22  to Plaintiffs' claim at this stage.  Accordingly, the Court DENIES the motion to dismiss as to the

23  quiet title claim.

24         D.      Third Cause of Action: Slander of Title

25                 1.      Legal Standard

26         The cause of action for slander of title has been described as follows: "One who, without a

27  privilege to do so, publishes matter which is untrue and disparaging to another's property in land .

28

- 14 -                                        09cv1206-IEG (JMA)

1   . . under such circumstances as would lead a reasonable man to foresee that the conduct of a third

2   person as purchaser or lessee thereof might be determined thereby is liable for pecuniary loss

3   resulting to the other from the impairment of vendibility thus caused."  <u>Glass v. Gulf Oil Corp.</u>, 96

4   Cal. Rptr. 902, 906 (Ct. App. 1970) (quoting Restatement (Second) of Torts § 642).  It follows that

5   the elements of slander of title are: (1) publication, (2) falsity, (3) absence of privilege, and (4)

6   disparagement of another's land which is relied upon by a third party and which results in a

7   pecuniary loss.  <u>Appel v. Burman</u>  206 Cal. Rptr. 259, 262 (Ct. App. 1984).

8              2.     <u>Analysis</u>

9              The Court finds Plaintiffs have failed to state a claim for slander of title because Plaintiffs

10   do not allege publication was false.  Plaintiffs allege that Defendant "published the Trustee's Deed

11   upon Sale . . . which states that the *entire* property was sold to a third party."  (FAC ¶ 42

12   (emphasis in original).)  Plaintiffs do not allege the publication was not true.  In fact, Plaintiffs

13   allege that the Deed of Trust appeared to encumber the entire property (<u>id.</u>  ¶ 15) and that

14   Defendant *did* sell the entire property (<u>id.</u> ¶ 23).  Furthermore, the Trustee's Deed Upon Sale (<u>id.</u>,

15   Exhibit D) contains the same legal description of the property as the Deed of Trust (<u>id.</u>, Exhibit E).

16

17              It is not proper for the Court to assume that Plaintiffs can prove facts that they have not

18   alleged or that Defendant has violated the laws in ways that have not been alleged.  <u>See</u> <u>Associated</u>

19   <u>Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

20   Accordingly, the Court GRANTS defendant's motion to dismiss with prejudice the slander of title

21   claim.

22   //

23   //

24   //

25   //

26   //

27   //

28

1  //
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2                                    **CONCLUSION**

3          For the reasons stated above, the Court**:** (1) **GRANTS** Defendant's June 10, 2009 request

4   for judicial notice; (2) **DENIES** the motion to dismiss as to Plaintiffs' first cause of action for

5   declaratory relief and injunctive relief; (3) **DENIES** the motion to dismiss as to Plaintiffs' second

6   cause of action for quiet title; and (4) **GRANTS** the motion to dismiss with prejudice as to

7   Plaintiffs' third cause of action for slander of title.

8

9          **IT IS SO ORDERED.**

10

11  DATED:  November 6, 2009

12                                    _____
                                      IRMA E. GONZALEZ, Chief Judge
13                                    United States District Court

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28